IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DEMARIE DIAN REEDY, <br><br> Plaintiff, <br><br> vs. <br><br> KILOLO KIJAKAZI, Acting Commissioner of the Social Security Administration, <br><br> Defendant. | 4:21CV3084 <br><br> **MEMORANDIUM AND ORDER** |

This matter is before the Court on the plaintiff's Motion for an Order Reversing the Commissioner's Decision and the defendant's Motion for an Order Affirming the Commissioner's Decision. Filing Nos. 22 and 26. The plaintiff, Demarie Reedy ("Demarie R."), appeals the Commissioner of the Social Security Administration's ("Commissioner") final decision to deny her application for Social Security Disability ("Disability") benefits under the Social Security Act and seeks review pursuant to 42 U.S.C. § 405(g).

**BACKGROUND**

a. Procedural History

On February 15, 2019, Demarie R. applied for disability insurance. Filing No. 22-1 at 1. She claimed a disability onset date of February 18, 2018, resulting from rheumatoid arthritis, high blood pressure, fibromyalgia, tendonitis, inflammatory bowel disease, irritable bowel syndrome, lung disorder, trochanter tendinitis, gout, GERD, trigeminal neuralgia, TMJ disorder, and depression. *Id.* at 1–2, *see also* Filing No. 18-1 at 108 and Filing No. 18-2 at 124. The Social Security Administration denied Demarie R.'s claims twice, first on July 5, 2019, and on reconsideration on January 10, 2020. Filing No. 22-1 at 1. An administrative hearing was held before an Administrative Law Judge

("ALJ") on August 14, 2020. *Id.* As a result of that hearing, the ALJ issued an unfavorable decision on September 9, 2020. *Id.* The ALJ found that Demarie R.'s impairments did not, singly or in combination, meet or medically equal the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1, and that she could perform sedentary work with limitations, therefore determining she was not disabled. *Id.* at 2. Demarie R. requested a review before the Appeals Council, which was denied on February 25, 2021. *Id.*

    b. Testimony

        i) Demarie R. testimony

Demarie R. was born in 1977. Filing No. 17-3 at 41. She holds a bachelor's degree in psychology and has a history of work experience as a Child and Family Service Specialist. Filing No. 17-2 at 46, Filing No. 17-3 at 11. At a hearing on August 14, 2020, Demarie R. reported that she has not worked since February of 2018. Filing No. 17-3 at 47. She takes Tegretol and Keppra for the trigeminal neuralgia, Zoloft for depression, and various reflux medications. *Id.* at 47–48. Demarie R. indicated that she suffers side effects with this medication, which include confusion, dry mouth, nausea, and headaches. *Id.* at 48.

    Demarie R. stated that she also suffers from a right hip impingement, as well as a labrum tear in her hip and disk degenerative disease in her neck. *Id.* at 49. She requires surgery for her hip but cannot afford it due to the high deductible on her insurance. *Id.* at 50. She also needs surgery to correct a previous bunion removal surgery on her right foot which needs to be done before the hip surgery. *Id.* When walking, Demarie R. indicates that she sometimes needs a cane. *Id.* at 51. Because of her constant need to

readjust her body because of the pain, switching from standing, to sitting, to laying down, Demarie R. rarely leaves the house. *Id.* In terms of using her hands, Demarie R. stated that writing and holding things are difficult because her hands tingle and go numb. *Id.* She indicated that the heaviest thing she can lift is a gallon of milk. *Id.* at 52. Demarie R. also testified she has trouble with sleeping, often only able to sleep in 2–3-hour chunks at a time. *Id.* In terms of breathing, Demarie R. is occasionally "raspy" from her COPD and uses an inhaler and a nebulizer. *Id.* at 53. Bursitis in her knee causes popping and swelling requiring Demarie R. to wrap and ice it. *Id.* at 54. Chores around the house are difficult to do, so Demarie R.'s husband handles most of them. *Id.* at 55. Demarie R.'s IBS will often cause spells that prevent her from leaving the house and lasting several days. *Id.* at 55-56. At her last job, she had trouble walking and sitting in a car for lengths of time. *Id.* at 56. She also stated that she suffered side effects from her medication which made it difficult to remember names and details of cases. *Id.* Furthermore, she indicated that typing was difficult because of issues with her hands. *Id.* Demarie R.'s trigeminal neuralgia primarily affects her jaw, causing immense pain. *Id.* at 57. An episode can be set off by chewing, talking, or even a breeze on the side of her face. *Id.* Demarie R. also testified that she suffers from depression, crying sporadically while staying home most of the time, and fears social interaction. *Id.* at 58.

      When asked about hobbies, Demarie R. testified that she used to love cleaning up the yard and house but cannot do it anymore. *Id.* at 59. Although Demarie R. enjoys spending time with her grandson, she cannot care for him on her own and requires assistant from her daughter, husband, or son. *Id.*

3

### ii) Vocational Expert testimony

When the vocational expert was asked whether someone of Demarie R.'s age, education, and work experience, who is limited to sedentary work, would be able to sustain attention towards a limited routine of repetitive tasks, he testified that that person would be unable to perform past work. Filing No. 17-2 at 61–62. However, according to the expert, other jobs available in the national economy that Demarie R. could perform include an addresser, document preparer, and polisher of eye frames. *Id.* at 62. The vocational expert also testified that based on Demarie R.'s aforementioned condition, and the number of breaks and absences she would require, she would not be able to perform competitive employment. *Id.* at 62–63.

### c. Medical Evidence

Demarie R. medical records indicate that on March 15, 2017, she saw Janet Huenink, APRN, for complaints of chest pain and fatigue. Filing No. 18-1 at 7. Findings included uncontrolled hypertension, nicotine dependence, obesity, abnormal EKG, chronic pain, and snoring with severe fatigue. *Id.* at 9. The following day, Demarie R. underwent a stress test and then an angiography. *Id.* at 11–20. Findings were normal. *Id.* At a follow up appointment, on March 21, 2017, Demarie R. informed David Gloor, MD, that she worked in "a high stress job with frequent traveling and going into homes in high stress situations." *Id.* at 37. In August 2017, a benign vocal cord nodule was removed. *Id.* at 48. Progress notes from an August 30, 2017, appointment with Brady Hanquist, PA, noted past discussions with Demarie R. that her mood may be playing a role in her physical complaints. *Id.* Further, PA Hanquist noted, "I think patient's

symptoms are likely multifactorial in nature and are related to mood disorder, chronic pain/fatigue syndrome, ongoing tobacco use and sedentary lifestyle." *Id.* at 50. On September 27, 2017, PA Hanquist notes that Demarie R.'s job was continuing to cause a lot of stress and that she was considering finding a new job. *Id.* She also asked about applying for disability related to chronic pain syndrome. *Id.*

On November 13, 2017, Demarie R. saw PA Hanquist with complaints of severe jaw pain. *Id.* at 52. PA Hanquist found that she had temporomandibular joint syndrome and prescribed Hydrocodone and meloxicam. *Id.* at 53–54. On December 10, 2017, Demarie R. went to the ER with increased jaw pain and was found to have multiple missing teeth and multiple decaying teeth. *Id.* at 69.

On January 17, 2018, Demarie R. saw Matthew Williamson, DPM, to discuss foot surgery. Filing No. 18-1 at 93–95. On February 15, 2018, Demarie R. had an MR Angiogram done on her neck. *Id.* at 200.

Prior to May 2019, Demarie R. denied symptoms of depression or anxiety. *See Id.* at 8, 76, 131, 152, 168–69. However, on May 8, 2019, Demarie R. presented to Linda Schmechel, PhD, for a psychiatric evaluation at the request of the Social Security Administration. Filing No. 18-2 at 118. On examination, Dr. Schmechel noted that Demarie R. had "lax grooming" and her affect was flat. *Id.* Dr. Schmechel noted that Demarie R. needed to refer to her smartphone to provide certain medical information. *Id.* In describing her current functionality, Dr. Schmechel noted that Demarie R. was very discouraged and disillusioned along with having low energy and capacity to sustain concentration. *Id.* at 119. Dr. Schmechel diagnosed Demarie R. with major depressive disorder. Filing No. 18-2 at 120. Dr. Schmechel noted that Demarie R. lacked physical

coordination and stamina to carry out instructions and that she would require redirection of tasks after about eight to ten minutes. *Id.*

On June 6, 2019, medical consultant Rebecca Braymen PhD, reviewed the evidence of record and noted that "Claimant should avoid high stress and highly complex tasks. Filing No. 17-3 at 16. She struggles with an array of physical conditions and seems to underestimate the significance of her mood disorder. *Id.* She would be best suited in simple/unskilled settings." *Id.* Furthermore, Dr. Braymen indicated that Dr. Schmechel's opinion was more restrictive than hers, contained inconsistencies, lacked substantial support for her findings, and underestimated "the severity of the individual's restrictions/limitations." *Id.* at 18.

### d. ALJ Findings

In his decision, the ALJ found that Demarie R. meets the insured status requirements of the Social Security Act through December 31, 2023, and has not engaged in substantial gainful activity since the alleged onset date. Filing No. 17-2 at 24. The ALJ found that Demarie R. suffers from severe impairments of osteoarthritis of the right foot and right hip, trigeminal neuralgia, obesity, and depression. *Id.* However, the ALJ found that Demarie R. "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." *Id.* at 25.

The ALJ did find, however, that Demarie R. meets the requirements to perform sedentary work with the following exceptions:

6

> [I]nvolves no use of foot controls and no climbing of ladders, ropes, or scaffolds. She may engage in all other postural maneuvers on an occasional basis, but must avoid exposure to temperature extremes, humidity, noise, vibration, fumes, odors, dust, gases, poor ventilation, and hazards. She is able to handle simple, routine, repetitive tasks outside of a fast-paced environment; sustain attention toward such tasks for 2-hour segments; interact with coworkers, supervisors, and the public on an occasional basis; and respond appropriately to occasional changes in a routine work setting.

(Filing No. 17-2 at 28). The ALJ noted that Demarie R. is unable to perform any of her past relevant work, but she is still able to perform other work in the national economy in occupations such as addressor, document preparer, and eyeglasses polisher. *Id.* at 33. Therefore, Demarie R. was found not disabled by the ALJ. *Id.* at 34.

## II. Standard of Review

The Court reviews a denial of benefits by the Commissioner to determine whether the denial is "supported by substantial evidence on the record as a whole." *Johnson v. Astrue*, 628 F.3d 991, 992 (8th Cir. 2011) (quoting *Dolph, v. Barnhart*, 308 F.3d 876, 877 (8th Cir. 2002)). Substantial evidence means something less than a preponderance of the evidence, but enough that a reasonable mind might accept the evidence as adequate to support a conclusion. *Moore v. Astrue*, 572 F.3d 520, 522 (8th Cir. 2009) (quoting *Lewis v. Barnhart*, 353 F.3d 642, 645 (8th Cir. 2003)).

In determining whether there is substantial evidence to support the Commissioner's decision, this court must consider evidence that detracts from the Commissioner's decision as well as evidence that support. *Finch v. Astrue*, 547 F.3d 933, 935 (8th Cir. 2008). The Court also determines whether the Commissioner's decision "is based on legal error." *Lowe v. Apfel*, 226 F.3d 969, 971 (8th Cir. 2000).

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental

7

impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A). Accordingly, the Social Security Administration has promulgated a sequential process to determine whether a claimant is disabled. *See* 20 C.F.R. § 404.1520(a)(4). The determination involves a step-by-step analysis of the claimant's current work activity, the severity of the claimant's impairments, the claimant's residual functional capacity ("RFC") and his or her age, education and work experience.

A claimant's RFC is what he or she can do despite the limitations caused by any mental or physical impairments. *Toland v. Colvin*, 761 F.3d 931, 935 (8th Cir. 2014); 20 C.F.R. § 404.1545. The ALJ is required to determine a claimant's RFC based on all relevant evidence, including medical records, observations of treating physicians and others, and the claimant's own descriptions of his or her limitations. *Papesh v. Colvin*, 786 F.3d 1126, 1131 (8th Cir. 2015). An ALJ's RFC determination (1) must give appropriate consideration to all of a claimant's impairments; and (2) must be based on competent medical evidence establishing the physical and mental activity that the claimant can perform in a work setting. *Mabry v. Colvin*, 815 F.3d 386, 390 (8th Cir. 2016).

According to new Social Security Administration rules effective March 27, 2017, the ALJ need not grant any medical opinion controlling weight regardless of whether the opinion comes from a treating, examining, or consulting physician. 20 C.F.R. § 404.1520c. Instead, the ALJ must evaluate medical opinions according to 5 factors: (1) Supportability, (2) Consistency, (3) Relationship to the claimant, which includes (i) length of the treatment relationship, (ii) frequency of examinations, (iii) purpose of the treatment

relationship, (iv) extent of the treatment relationship, and (v) examining relationship; (4) specialization, and (5) other factors. *Id.* According to the rule, supportability and consistency are the most important factors and must be addressed by the ALJ in his or her decision. *Id.* Thus, while the new rules do not dictate the weight the ALJ is to ascribe to any given medical opinion, the ALJ is required to explain why she finds a medical opinion to be persuasive or not. *Dornbach v. Saul*, No. 4:20-CV-36 RLW, 2021 WL 1123573, at *3 (E.D. Mo. 2021).

## III. DISCUSSION

The Court must decide whether the ALJ erred in determining Demarie R. had an RFC enabling her to perform sedentary work with environmental limitations. The ALJ made this RFC determination despite Demarie R.'s numerous physical impairments and mental health diagnoses. In this case, the ALJ improperly discounted the psychiatric evaluation of Dr. Schmechel. With Dr. Schmechel being the only psychiatric source to evaluate Demarie R., the ALJ should have considered her "specialization" as a factor when evaluating opinion evidence. 20 C.F.R. § 404.1520c(c)(4).

The ALJ opined that Dr. Schmechel's determination was less persuasive because when it comes to redirection, no other medical providers commented on Demarie R.'s ability to remain engaged. However, the ALJ failed to recognize that most of the other medical providers that Demarie R. saw were for physical impairments, not mental health evaluations. Furthermore, Demarie R.'s primary care provider noted early on that her mood may be playing a role in her daily lifestyle. Filing No. 18-1 at 50. Thus, the ALJ failed to adequately address all factors relevant to Dr. Schmechel's opinion.

The Commissioner argues that Demarie R. did not allege a mental impairment that limited her ability to work when she filed her Disability Report. However, this argument is not persuasive as individuals suffering from a mental disorder may not initially acknowledge or understand such an issue, and she clearly was being treated for the same. Dr. Schmechel opined that Demarie R. suffered from severe depression, which inhibited her ability to sustain concentration and attention for task completion. Filing No. 18-2 at 121. This conclusion weighs heavily against the ALJ's findings.

Accordingly, the ALJ erroneously determined that Demarie R. was not disabled and therefore ineligible to receive social security disability benefits. The plaintiff has asked the Court to remand this case for further review of her mental health issues. The Court finds that request should be granted.

THEREFORE, IT IS ORDERED THAT this case is remanded to the Commissioner for further review of the claimant's mental health and how her mental health symptoms in conjunction with her physical impairments affect her ability to participate in substantial gainful work.

Dated this 29th day of July, 2022.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge
