IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DEMARIE DIAN REEDY,<br><br>                  Plaintiff,<br><br>    vs.<br><br>KILOLO KIJAKAZI, Acting Commissioner of the Social Security Administration,<br><br>                  Defendant. | **4:21CV3084**<br><br>**MEMORANDUM AND ORDER** |

      This matter is before the Court on Plaintiff Demarie Reedy's motion for attorney fees in the amount of $5,667.56 and expenses in the amount of $17.58 under the Equal Access to Justice Act ("EAJA") 28 U.S.C. § 2412(d). Filing No. 30. The Acting Social Security Commissioner, Kilolo Kijakazi, ("Commissioner") does not object to the motion for attorney fees. Filing No. 32.

      The EAJA provides for attorney fees if: "(1) the person is a prevailing party; (2) the individual's net worth did not exceed $2,000,000 at the time the civil action was filed; and (3) the fees and expenses were 'incurred by the party in [the] civil action' in which it prevailed." *U.S. S.E.C. v. Zahareas*, 374 F.3d 624, 630 (8th Cir. 2004) (quoting 28 U.S.C. § 2412(d)(1)(A)–(2)(B)). "The fees awarded must be reasonable." 28 U.S.C. § 2412(d)(2)(A)(ii). A reasonable fee under § 2412 does not exceed "$125 per hour unless the court determines that an increase in cost of living or a special factor, such as limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." *Id.*

      For a successful Social Security claimant to collect attorney fees, the Commissioner's position must lack substantial justification. 28 U.S.C. § 2412(d)(2)(A). Substantial justification occurs when the Commissioner's position has a clearly reasonable basis in law and fact. *Brouwers v. Bowen*, 823 F.2d 273, 275 (8th Cir. 1987).

1

The Commissioner bears the burden of proving that their position is substantially justified. *Goad v. Barnhart*, 398 F.3d 1021, 1025 (8th Cir. 2005). In this instance, the Commissioner does not object to Plaintiff's EAJA motion. Filing No. 32.

The Court finds that the plaintiff is entitled to attorney fees under the EAJA. The Plaintiff is the prevailing party. Additionally, the plaintiff's net worth did not exceed $2,000,000 at the time of filing for this civil action. Filing No. 31. Plaintiff requests attorneys' fees totaling $5,667.56 representing 2.5 attorney hours of work completed in 2021 at an hourly rate of $207.85 and in 2022 a rate of $221.29 for 20.1 attorney hours and a rate of $100.00 per hour for paralegals. Filing No. 31 at 2. Plaintiff argues the increase in hourly rates from the $125 baseline reflects an increase in the cost of living, as evidenced through the cost-of-living index changes. Filing No. 31-1, Ex. A.

An increase for the cost of living is generally allowed. *Johnson v. Sullivan*, 919 F.2d 503, 508–10 (8th Cir. 1990). The Court finds that the increase in cost of living justifies a fee higher than $125 per hour and that the rates Plaintiff requested are reasonable. The Court carefully reviewed the hours submitted and finds them reasonable in all aspects. Thus, the Court concludes that both the amount requested, and the hours expended, are reasonable. See 28 U.S.C. § 2412(c).

THEREFORE, IT IS ORDERED that:

1. The Plaintiff's motion for attorney fees, Filing No. 30, is granted.

2. Pursuant to the Equal Access to Justice Act, attorney fees in the amount of $5,667.56 are to be paid directly to the Plaintiff's attorney, less any offset to satisfy a pre-existing debt to the United States. Plaintiff's counsel shall also be awarded $17.58 in

expenses for certified mail charges related to service of process. Such awards shall be paid by the Social Security Administration.

3. A separate judgment shall be entered in conjunction with this Memorandum and Order.

Dated this 28th day of March, 2023.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge